IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHAD ALEXANDER**,

    Plaintiff,

v.                                                                **CIV 11-985 JB/WDS**

**F.B.I.**,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 4. Before the Court is pro se plaintiff Chad Alexander's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed November 4, 2011, *see* Doc. 2 (hereinafter called "motion to proceed IFP"), and his Complaint against the F.B.I., *see* Doc. 1. Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [Alexander's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because Alexander fails to state facts demonstrating a waiver of the United States' sovereign immunity, and because he has also failed to demonstrate indigency, I recommend that the Court deny his motion to proceed IFP and dismiss his Complaint for lack of subject-matter jurisdiction.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

**I.       Applicable legal standards.**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to invoke the Court's subject-matter jurisdiction or fails to state a claim on which relief may be granted, the case must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal is now mandatory). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**II.     Alexander has failed to show indigency.**

Alexander, who has no dependents, receives $2600/month in disability benefits. *See* Doc. 2 at 2. He claims rent and utility expenses of $800/month; and spends $300/month for food, and $300/month for recreational expenses. *See id.* at 4. He has $1000 in the bank and $1000 in cash, *see id.* at 2, with no other debts, *see id.* at 4. Under these facts, Alexander has failed to show that he cannot pay both for filing fees and for the necessities of life. *See Adkins*, 335 U.S. at 339. But even if Alexander was indigent, as explained below, I would recommend denying permission to proceed IFP and dismissing his case because he has not stated sufficient facts to show waiver of the United States' sovereign immunity.

**III.    Alexander has failed to invoke the Court's subject-matter jurisdiction**.

Alexander used a form complaint for actions brought under 42 U.S.C. § 1983 in filing his Complaint. Insofar as Alexander may be attempting to sue the F.B.I. under § 1983, his claims are not cognizable. *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work;" and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims against the United States government).

In addition, Alexander's Complaint contains very few facts. It states only that unnamed personnel from the F.B.I. "detained me and put me in the V.A. medical center" because they were "motivated by my phone calls to my step-father's employer, requesting that he be drug tested."

Compl. at 2.

> The initial claims the F.B.I. made were pertaining to a white supremist [sic] manifesto that it is unlikely I wrote seeing as im [sic] Jewish. They also claimed I started forest fires and comited [sic] burglary, which I've never done. At the V.A. clames [sic] continued that I had no food in my room and that I was drunk even after negative breathalizer and blood tests.

*Id.* The Complaint further states,

> The F.B.I. initially placed me in V.A. care in late April. At the end of October, after making numerous calls to police and lawers [sic], I went to the F.B.I. office and they told me to go to the V.A. for records and obtain a lawer [sic]. I have the V.A. records in my possession.

Compl. at 3. Alexander further states that "none" of his constitutional or civil rights were violated, and he wrote "NA" in the space asking what relief he requests. *Id.* at 3-4. Thus, Alexander's Complaint only alleges intentional acts by individual officers that apparently caused him no injury and for which he seeks no damages or other relief.

For a court to have jurisdiction over an action, "the party bringing the suit must establish standing." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11(2004). To establish constitutional, or Article- III, standing, "[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Id.* at 12. Alexander has failed to establish standing, thus his Complaint must be dismissed for lack of subject-matter jurisdiction.

If the Court permitted Alexander an opportunity to amend his Complaint to allege that he was injured by being placed at the V.A. medical center for a few months, and to seek relief, he would have to bring his claims against the United States under the Federal Tort Claims Act. *See Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) ("When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim

against the individual officer based on [a] constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA"). But, based on his Complaint, it appears that Alexander had not exhausted any administrative remedies, so allowing him an opportunity to amend at this time would be futile.

> Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived.
>
> The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim'.

*Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (internal quotation marks and citation omitted). As written, Alexander does not allege in his Complaint that he has filed any claims for damages with the F.B.I. Thus, he has failed to allege facts to show that the United States has waived its sovereign immunity regarding his allegations and that the Court has subject-matter jurisdiction over any claims.

The Court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

I recommend that the Court dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006)

(noting that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice"); *Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. App'x 407, *409, 2003 WL 191461, **2 (10th Cir. Jan. 29, 2003) (per curiam) (noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated. Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.") (citation omitted).

   I recommend that the Court deny Alexander's motion to proceed IFP [Doc. 2] and *sua sponte* dismiss his Complaint without prejudice for lack of subject-matter jurisdiction.

               _____
               W. Daniel Schneider
               UNITED STATES MAGISTRATE JUDGE